**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRANCE LAMONT BAGBY,

      Petitioner–Appellant,

v.

JUSTIN JONES,

      Respondent–Appellee.

No. 12-6117
(D.C. No. 5:10-CV-01086-D)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Terrance Bagby seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. We deny a COA and dismiss the appeal.

**I**

Bagby was charged in Oklahoma state court with trafficking in illegal drugs and possession of drug proceeds. A jury convicted him on the first count but acquitted on the

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

second. Because Bagby had been convicted of at least two prior drug felonies, he was sentenced to life in prison without the possibility of parole. See Okla. Stat. tit. 63, § 2-415(D)(3). The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and sentence on direct review. Bagby did not seek state post-conviction relief, but filed a federal habeas petition in October 2010. In his § 2254 petition, Bagby asserted seven claims for relief: (1) the jury was mis-instructed as to sentencing options; (2) the trial court erred by permitting the prosecutor to rely on transactional offenses at sentencing; (3) prejudicial and irrelevant information was admitted during the sentencing phase of trial; (4) the three preceding issues created reversible cumulative error at the sentencing phase; (5) prejudicial evidence of other crimes was admitted during the guilt phase of trial; (6) the evidence was insufficient to support his conviction; and (7) counsel was ineffective for failing to challenge an incomplete chain of custody. The district court denied relief and declined to grant a COA.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. 28 U.S.C. § 2253(c)(1). We will grant a COA only if Bagby shows "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). To prevail on the merits, Bagby must demonstrate that the state courts' adjudication of his claims either "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law." § 2254(d)(1), (2).

## A

We are in substantial agreement with the reasoning of the district court and conclude that reasonable jurists could not debate its rulings. The OCCA held that any errors that occurred during the sentencing phase were harmless beyond a reasonable doubt because Bagby stipulated to each of his prior convictions, including four felony drug convictions in three separate cases. Based on these prior convictions, a sentence of life without parole was mandatory under Oklahoma law. See Okla. Stat. tit. 63, § 2-415(D)(3). We agree with the district court that the OCCA's determination was at least reasonable. Thus, the first four of Bagby's habeas claims are meritless.

In his fifth claim, Bagby argues that he was denied due process because officers testified that they encountered Bagby in a high crime area, noted several crimes that had occurred in the area, and stated that Bagby had recently been in jail. "State court rulings on the admissibility of evidence may not be questioned in federal habeas proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal constitutional rights." Duvall v. Reynolds, 139 F.3d 768, 787 (10th Cir. 1998) (quotation omitted). Bagby falls well short of this high hurdle. The officers' references to crimes occurring in the area where Bagby was arrested were elicited to explain why the officers were patrolling the area. One of the officers also testified that Bagby claimed that the

money he was carrying came from his wife to pay for court costs and that he had not worked since being released from jail. This evidence was relevant to the drug proceeds charge. Accordingly, the OCCA reasonably rejected Bagby's evidentiary challenges.

Bagby further argues that the evidence was insufficient to convict him because the state failed to provide a complete chain of custody for the crack cocaine seized during his arrest. He bases this claim on a delay between the date the evidence was checked out of a drug locker and the date it was received by a chemist. The OCCA recognized that the appropriate standard is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). An officer testified that he submitted a bag of crack cocaine seized at the time of Bagby's arrest to the drug locker in a sealed envelope, and a chemist testified that he received the same sealed envelope. Two witnesses identified the bag when it was introduced at trial. In light of this testimony, the OCCA reasonably held that this evidence was sufficient under the Jackson standard.

Lastly, Bagby contends that he received ineffective assistance of counsel because his attorney failed to pursue the alleged chain of custody issue. To demonstrate ineffective assistance of counsel, a petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). We agree with both the OCCA and the district court that Bagby has not demonstrated

prejudice; that is, he has not shown "a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Id. at 694.

**B**

In addition to his substantive claims for relief, Bagby raises two procedural challenges to the district court's handling of his petition. First, he argues that the state was obligated to serve him with the complete state court transcript when it filed an answer. He quotes a Tenth Circuit Rule which provides that "[w]hen sufficiency of the evidence is raised, the entire relevant trial transcript must be provided." 10th Cir. R. 10.1(A)(1)(a). But this rule refers to an appellant's duty to provide a record to this court; it does not define the duty of a habeas respondent in filing an answer. The record thus does not indicate that the respondent in this case violated the applicable rule. See Rule 5 of the Rules Governing Section 2254 Cases.

Second, Bagby challenges the district court's denial of his motion for appointment of counsel. He argues that counsel should have been appointed because the prison in which he is housed lacks sufficient access to legal materials. But we have held that "there is no constitutional right to counsel beyond the appeal of a criminal conviction, and [] generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." Swazo v. Wyo. Dep't of Corr., 23 F.3d 332, 333 (10th Cir. 1994). Although a litigant's ability to conduct legal research may be a factor in the decision to appoint counsel, the issues in this case are not overly complex and no evidentiary hearing was

required.  See id.  As such, we conclude the district court acted within its discretion in denying Bagby's motion.

**III**

For the foregoing reasons, we **DENY** deny a COA and **DISMISS** the appeal.  We **GRANT** Bagby's motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge